IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNITA MOONKA,

        Plaintiff,

v.                                                No. 1:18-cv-01086-KG-JHR

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC,

        Defendant.

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia") may produce documents which it contends contain highly personal or otherwise sensitive, proprietary and confidential information; and

WHEREAS, Sandia asserts it is required to protect and wishes to preserve the privacy interests of individual employees whose personnel records and personal information may be produced during these proceedings; and

WHEREAS Sandia may produce what it claims are proprietary and trade secret information such as retirement and pension plan information; and

WHEREAS Plaintiff Sunita Moonka may produce medical and mental health records as well as executed releases for medical and mental health records; and

WHEREAS Plaintiff wishes to preserve the privacy of such records except to the extent necessary for the prosecution or defense of this litigation; and

WHEREAS, the parties hereto stipulate and agree that the Court may, without objection, enter and enforce the following order;

- 2 -

The Court, having considered the foregoing, hereby ORDERS as follows:

1.      Designation of Confidential Materials.  Any party in this action (the "designating party") shall have the right to designate as PERSONNEL CONFIDENTIAL any material that it believes, in good faith, contains or represents confidential personal, medical, financial, proprietary, competitive, trade secret or other sensitive information that the designating party normally would not reveal to third parties or that the designating party normally would require third parties to maintain in confidence (hereinafter "confidential materials"), provided such documents have not previously been made public by the producing party. All medical and mental health records received pursuant to a release shall be deemed and marked PERSONNEL CONFIDENTIAL upon receipt from the provider. Information regarding Plaintiff's performance or compensation shall not be designated as PERSONNEL CONFIDENTIAL. The inadvertent failure to designate material as PERSONNEL CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material is confidential.

2.      The parties and their attorneys, as well as their consultants, experts, and support staff, may not use the documents or information marked as PERSONNEL CONFIDENTIAL except for the limited purpose of the prosecution or defense of this lawsuit. The personnel records of employees other than Plaintiff ("non-parties"), and personal information regarding non-parties, will be confidentially maintained in the custody of Plaintiff or counsel for Plaintiff and will only be disclosed if reasonably necessary for the prosecution of the lawsuit.

3.      The parties and their attorneys may not disclose the documents or information marked as "Confidential" to anyone other than their consultants, experts, support staff, potential witnesses, and associating attorneys (if any) who need to review the documents for the limited purpose of the prosecution or defense of this lawsuit.

4. Access to confidential material. Except as provided in this Order, material designated PERSONNEL CONFIDENTIAL, and the information contained therein, shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a. counsel working on this Action on behalf of any party;

    b. full-time, part-time or temporary employees of counsel under the supervision of counsel;

    c. any person not employed by a party who is expressly retained as a consultant or expert retained for the purpose of assisting in the litigation of this action by a party or counsel, but only to the extent necessary to perform such work;

    d. any person who was an author or recipient of confidential material about which testimony is taken. If such a person is deposed or testifies in a court proceeding and, during the course of such testimony he/she is shown copies of confidential materials, he/she may not keep those copies;

    e. deposition and court reporters, a secure outside copy service under contract to provide copy service to counsel for any party, the Court and the Court staff; and

    f. any party to this action.

5. Material designated PERSONNEL CONFIDENTIAL shall not be disclosed to any person described in paragraph 4.c. until that person has signed a written declaration in the form attached as Exhibit A to this Order.

6. If a witness who does not fall under paragraph 4.d., and who has not already signed a declaration pursuant to paragraph 5, will view material designated PERSONNEL CONFIDENTIAL during his/her deposition, the designating party may request that the deponent sign a written declaration in the form attached as Exhibit A. If the deponent fails to sign such declaration, counsel shall not disclose confidential material to the deponent unless allowed to do so by the Court following a telephonic discussion about the matter, preferably during the deposition, if possible.

7. PERSONNEL CONFIDENTIAL Information at Trial.  Subject to the Federal Rules of Evidence, designated confidential material may be offered in evidence at trial or any court hearing provided that the proponent of the evidence gives five days advance notice to counsel for the party that designated the material as confidential. With respect to submitting designated confidential material at trial, the notice requirement shall be considered sufficient if the evidence is listed in the pre-trial order.  Any party may move the court for an order that this evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should be continued to be treated as confidential and, if so, what protection, if any, may be afforded to such information at trial.

8. Declassification.  A party may apply to the court for a ruling that material or a document (or category of documents) identified by another party as PERSONNEL CONFIDENTIAL is not entitled to such status and protection.  The party that designated the material or document as PERSONNEL CONFIDENTIAL shall be given notice of the application and an opportunity to respond.  To maintain PERSONNEL CONFIDENTIAL status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the material to have such protection.

- 5 -

9.	Any documents designated as PERSONNEL CONFIDENTIAL may be used in any public proceeding or attached to any pleading filed in court, if all identifying particulars (e.g., name, photograph, home address, home telephone, social security number and employee number) have been redacted from such document in order to preserve the privacy of the non-party.

10.	Material which is in the public record or which is already in the possession of an adverse party will not become subject to this order simply by being produced during this case.

11.	Nothing in this Order shall constitute a waiver of either party's right to object to disclosure of any information, nor shall it constitute a waiver of either party's right to move to compel discovery of any information not disclosed.

12.	Promptly upon the termination of this lawsuit by decision, settlement, or otherwise, Plaintiff and Counsel must collect and retrieve from their respective parties all discovery documents produced by an adverse party.  All materials subject to this Order will be returned to the originating party or destroyed with the prior consent of the originating party.

13.	The Court retains jurisdiction over the parties and the documents or information set forth in paragraph 1, above, until all such documents and information are returned or destroyed as set forth in paragraph 12.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

SUBMITTED:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____*/s/ Jeffrey L. Lowry*_____

    Jeffrey L. Lowry
Post Office Box 1888
Albuquerque, New Mexico  87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
jlowry@rodey.com

- AND -

Cindy Lovato-Farmer
National Technology & Engineering Solutions of
    Sandia, LLC d/b/a Sandia National Laboratories
1515 Eubank SE
Mail Stop 0141
Albuquerque, NM 87123-0141
Tel: (505) 284-5284; Fax: (505) 844-2363
cinlova@sandia.gov

*Attorneys for Defendant*


JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.


By   *Electronically Approved April 19, 2019*
    Samuel C. Wolf
PO Box 2228
Santa Fe, NM  87504-2228
Telephone:  505-982-0011
sam@thejonesfirm.com

*Attorneys for Plaintiff*

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNITA MOONKA,

        Plaintiff,

v.                                                                    No. 1:18-cv-01086-KG-JHR

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC,

        Defendant.

## **DECLARATION**

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____ understands the terms thereof, submits to the personal jurisdiction of the United States District Court for the District of New Mexico for purposes of enforcing the Confidentiality Order, and agrees upon threat of penalty of contempt to be bound by such terms.

_____        _____
Signature                                                                   Date

_____
Printed Name